FRIDLINE v DOLBY et

Ohio Common Pleas. Ashland County
No 19115.   Tried Dec. 2, 1929 et seq.

C. H. Workman, Mansfield and J. F. Henderson, Ashland, for Fridline.

H. E. Culberson and Morris Semple, both of Ashland, for Dolby, et.

GALBRAITH, J.

The plaintiff has introduced testimony, or given evidence, tending to show that at different periods of her life the testatrix entertained in her mind certain delusions, including a belief in witchcraft or black art; and that she had, or possessed, power to impress good and evil effects upon persons and things.   That she was in possession of certain receipts or formulas to cure so called incurable diseases and bodily afflictions. That she was an extremist in her likes and dislikes, and easily prejudiced against persons because of illusions and delusions.

A delusion is defined to be a false impression or belief, an illusion, an error of mind, a mistaken idea, a fallacy.

An illusion has most to do with visions of the imagination; a delusion with some decided mental deception.

An illusion is an idea which is presented before one's bodily or mental vision, and which does not exist in reality.

A delusion is a false view entertained of some thing which really exists, but which does not possess the quality or attribute erroneously ascribed to it.

The law, as applied to rules of testamentary capacity, (i. e. mental capacity sufficient to make a valid will), views delusions as of two classes, as distinguished from each other, in their effect on testamentary capacity, namely;—"Mere delusions" and "Insane delusions"; and, considering in reverse order: An insane delusion is defined as a diseased condition of the mind in which the testator believes things to exist, which exist, (or in the degree they are conceived of), only in his own imagination, and with a persuasion of belief so firm and fixed that neither evidence or argument can convince him to the contrary; and, if such an insane delusion controls and actuates the mind of the testator to cause him (or, if a woman testatrix to cause her) to direct a disposition or his or her property in a way other than he or she would if not so controlled and actuated, then his or her mind would be considered so unsound that his or her purported will would be invalid; but the existence in the mind of a testator of "insane delusions", or of mere temporary delusions, which do not affect the natural or selected objects of his or her bounty, is not necessarily inconsistent with testamentary capacity.

In other words, the jury is instructed that before a will can be set aside upon the ground of testator's alleged unsound mind, based only on delusions, or insane delusions, the plaintiff must have shown by a preponderance of the evidence not only that the delusions, or insane delusions, claimed, existed in the mind of the testator, but that such delusions, or insane delusions, affected and controlled the testator's mind in the making of the dispositions by the purported will made.

If such delusions, or insane delusions, did exist in the mind of the testatrix, but if they did not produce or affect or influence the provisions of the will, then plaintiff cannot avail herself thereof, standing alone, as establishing mental incapacity.

The law also requires, in order that testamentary capacity can be said to exist, that the testatrix' memory be sound.   A person may reason with apparent soundness upon

facts known to him or her, and yet that faculty of the mind known as memory may be so weakened that facts formerly known to him or her may not be in his or her mind.

Under such circumstances his or her ignorance of facts may cause him or her to act in an entirely different way from what he or she would have acted had such facts been known to him or her. The law, therefore, requires that a testator, or testatrix, shall be able to hold in his or her mind the nature and extent of his or her property; the persons who would be the natural objects of his or her bounty, and their relationship to him or her.

If you find that **at the time of the making of the alleged will** said testatrix was not of sound mind and memory as defined in these instructions, then your verdict must be for plaintiffs; that is you will say by your verdict that the paperwriting in question is not the last will of Lizzie V. Fridline, deceased, and if you do so find, that is, if she did not have sufficient mind and memory or testamentary capacity, as I have stated, in such event it would be unnecessary for you to consider or pass upon any of the other questions, such as undue influence or the legal execution of the will, because, in that event, if she did not have sufficient mind and memory, then it would not matter about the other things.