Turner, J.
 

 The principal question in this case arises out of the filing in the Court of Appeals by the (there) plaintiff-appellant of a bill of exceptions containing only a part of the evidence adduced at the trial .and the attempted diminution of the bill of exceptions for the purpose of picking out evidence which might justify the holding of the appellate court in reversing the judgment of the trial court.
 

 A motion for diminution was made under Section 11572-u, General Code, which provides:
 

 “When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction.”
 

 As stated in 3 American Jurisprudence, 283, Section 687: “A showing that warrants the amendment must be made.” We are unable to discover- from the record that any omission in the bill of exceptions occurred through accident or error.
 

 No suggestion for diminution was made until the Court of Appeals had announced and docketed its decision in favor of .plaintiff-appellant. In the plaintiff’s motion for diminution it is baldly stated:
 

 “The court reversed the judgment of the lower -court in this case on the grounds that prejudicial and reversible error had been committed in charging the jury upon Section 6310-22 of the General Code of Ohio, which had no application to the facts in this case wherein both vehicles were proceeding upon the same highway. However, defendant filed an application for rehearing on the ground that the two-issue rule applied.
 
 *269
 

 The court granted said rehearing on the ground that the record, as it then stood, did not contain evidence-showing that both the plaintiff and defendant had' turned their vehicles from a straight course, and that it would be necessary for the record to so indicate iniorder for the court to reverse the lower court because-of the giving of Section 6310-22 of the General Code of Ohio.
 

 “It is for the purpose of supplying the court with this necessary testimony, which was brought out in the trial of the case but not transcribed by reason of econnomy, that the plaintiff now requests the court for a diminution of the record to have this essential matter now made a part of the partial bill of exceptions.”" (Italics ours.) ■
 

 To put the stamp of approval on such procedure-would result in endless confusion and a grave departure from orderly procedure.
 

 As stated in 4 Corpus Juris Secundum, 1592, Section 1119
 
 (e):
 

 “Very special and exceptional circumstances must be-shown to obtain leave to have omissions and defects in the transcript or the return on appeal or writ of error-supplied after a case has once been decided and while* a.n application for a rehearing is pending, and in the-absence of such showing an application to correct the record comes too late, at least where the application to amend is presented by appellant. Consequently, as a general rule it is too late to apply for a
 
 certiorari
 
 to correct the record after a cause has been decided, even on agreement of counsel, and a rehearing will not. ordinarily be granted in order that a party may correct cr perfect the record on
 
 certiorari,
 
 especially where no-excuse is offered for a failure to make application before the former submission.”
 

 In 3 American Jurisprudence, 284, Section 691, it; is said: • ■
 

 
 *270
 
 “The appellate court will not.remand a bill of exceptions or the record to have added to it action taken in the trial court to meet an error assigned and argued before the appellate court and under advisement there.”
 

 As shown in the above statement of the case, the trial judge certified that the original bill of exceptions “'contains only such testimony-as is requested by plaintiff’s cbunsel and is not a complete bill of all testimony.”.
 

 , The official court reporter’s certificate,
 
 supra
 
 shows that with but one exception plaintiff ’s counsel requested only part of the testimony of any witness and omitted whatever charges -before argument were given at the request of plaintiff. The one witness whose entire testimony was included in the bill was a weatherman who testified only as to the condition of the weather. He did. not witness the accident.
 

 . In the application for diminution of record, supra, it is stated:
 

 “The reason the above matter was not originally contained in the partial bill of exceptions was that the plaintiff had no money with which to prepare a complete bill of .exceptions and he still continues unable to prepare a complete bill of exceptions, but must furnish the additional requested matter above referred to in order that the court may intelligently consider this case on rehearing. ’ ’
 

 We find no such reason given in the trial court for not preparing a complete bill of exceptions. There was no affidavit filed
 
 in forma pauperis.
 

 Assuming that the journal entry granting the motion for diminution of record was a sufficient direction to the trial court, still neither the motion for diminution of record nor the journal entry thereon contained any recitals or conclusion showing that any- omission in the bill of exceptions had occurred through accident or er
 
 *271
 
 ror. On the contrary, the partial bill of exceptions shows on its face that it was deliberately prepared under specific instructions of counsel for plaintiff. Plaintiff-appellee in his brief in this court states that there were “a great number of witnesses” whose testimony was not included in the bill.
 

 In addition to the foregoing defects the “Supplementary to Bill of Exceptions filed March 16, 1942” contains no certificate of the trial judge. However, there is a certificate, as set forth in the above statement of facts, of the official court reporter. Counsel for appellee here contend that such certification is sufficient under Section 11571, General Code, which provides in part as follows:
 

 “And provided, further, in cases tried in courts of record that the certificate of the official court reporter attached to the transcript of the testimony shall be sufficient verification of the bill of exceptions and the signature of the judge shall not be necessary unless within ten days
 
 after notice to the adverse party
 
 of the filing of such bill of exceptions that said adverse party file objection or amendment to such bill, in which case the said bill shall be submitted to the court for settlement as hereinbefore provided.” (Italics ours.)
 

 Assuming that an order to the .trial court for a diminution of record might be complied with under the foregoing provision of Section 11571, General Code, the record in the trial court fails to disclose any notice to the adverse party of the filing of such “Supplementary to Bill of Exceptions.”
 

 Not only was there no proper ground for sustaining the motion for diminution but even had there been, the ‘ ‘ Supplementary to Bill of Exceptions ’ ’ lacked proper certification.
 

 Therefore, it is our opinion that the Court of Appeals erred: (1) In granting the motion for diminution, and (2) in considering the “Supplementary to Bill of Ex
 
 *272
 
 ceptions” filed approximately eleven months after the original bill of exceptions.
 

 While the Court of Appeals had before it in the original bill of exceptions the general charge of the ■court, it did not have before it, either in the original bill or supplementary, charges before argument given .•at the request of plaintiff or all of the evidence adduced at the trial.
 

 The Court of Appeals held that “the giving of Section 6310-22 of the General Code of Ohio was prejudicially erroneous.”
 

 As stated in 2 Ohio Jurisprudence, 465, Section 407:
 

 “It has been announced as a general rule that the reviewing court cannot consider error, in the charge in the absence of a bill of exception showing all thé evidence.”
 

 In the case of
 
 Hanauer Automobile Co.
 
 v.
 
 Evans,
 
 12 C. C. (N. S.), 512, 21 C. D., 662, affirmed without opinion by this court in 86 Ohio St., 330, 99 N. E., 1126, it was held that:
 

 “Where the evidence is not all set out in the bill of ■exceptions, a reviewing court cannot say that the portions of the charge to the jury which are complained ■of were not properly given. ’ ’
 

 Assuming that the present case presents an exception to the general rule and that there was sufficient record before the Court of Appeals upon which to base its decision in respect of the trial court’s instruction on Section 6310-22, General Code, the judgment of the Court of Appeals should still be reversed for the reason that the trial court’s charge in respect of such Gen-oral Code section was specifically limited to the jury’s consideration of whether
 
 defendant
 
 had violated that ■section. Such charge could not be prejudicial
 
 to
 
 the plaintiff (appellee here)'.
 

 Section 11364, General Code, provides in the first .sentence. thereof:
 

 
 *273
 
 “In every stage of an action, the court must disre¿ gard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party.” See, also, 2 Ohio Jurisprudence, 630, Section 583, and 770, Section 673;
 
 Mahoning Valley Ry. Co.
 
 v.
 
 Harnett, a Minor,
 
 83 Ohio St., 480, 94 N. E., 1110.
 

 As a court of record speaks only through its journal
 
 (State, ex rel. Industrial Commission,
 
 v.
 
 Day, Judge,
 
 136 Ohio St., 477, 26 N. E. [2d], 1014), we will not comment on the docket entry of March 24, 1943.
 

 For the reasons above stated the judgment of the Court of Appeals should be and hereby is reversed. Coming to render the judgment which the Court of Appeals should have rendered, the judgment of the trial court should be and hereby is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Bell, JJ., concur.
 

 Williams, J., concurs in paragraphs three and five of the syllabus and in the judgment.