KIRBY, APPELLANT, *v.* KUHNS, EXR., ET AL., APPELLEES.*

---

*Motion to certify the record overruled, December 11, 1957.

(No. 2394—Decided May 20, 1957.)

Mr. *Robert F. Badgley*, for appellant.

Mr. *Norman E. Routzohn*, for appellees Miles S. Kuhns and M. Edward Kuhns.

CRAWFORD, J.  This is an appeal on questions of law from a judgment of the Court of Common Pleas sustaining the will of Sidney Kirby, deceased.  Ralph L. Kirby, plaintiff, appellant herein, was the son and only child of the decedent; according to the terms of the will he was to receive $100.  There was a legacy of $500 to Harriet C. Booth, decedent's housekeeper.  The residue of the estate was placed in trust for the four children of plaintiff, to be distributed to them when the youngest reached the age of 21.  M. Edward Kuhns, an attorney and the son of

Miles S. Kuhns, the attorney who drafted the will, was named as trustee.

Plaintiff seeks to have the will set aside for lack of testamentary capacity.

The testimony in the bill of exceptions is incomplete, containing all the testimony produced by the plaintiff, who is contesting the will, but the testimony of only one witness for the proponents, Dr. James Sagebiel, a psychiatrist, although nine other witnesses testified for proponents.

Plaintiff makes and argues four assignments of error:

(1) Assignment of error No. 1 is that the trial court erred in refusing to give the following special charge, designated in the record as special charge A:

"I charge you that if you find from a preponderance of all the evidence that Sidney Kirby did not have sufficient mind and memory, on December 27, 1951, when he signed the purported will, which would enable him to know his just relations to Ralph Kirby, his son and only child, then he was of unsound mind and memory within the meaning of the law and did not possess the requisite testamentary capability to make a will and you must return a verdict finding that the purported will is not the last will and testament of Sidney Kirby, deceased."

The meaning of this requested charge is not clear. The expression, "his just relations to Ralph Kirby, his son and only child," may be open to various interpretations; it may suggest, for example, that in order to have testamentary capacity the testator must have been just in his dealings with his son during his lifetime, or in the terms of his will, or both. These are, of course, not proper tests, and such a charge might well have confused the jury.

The Supreme Court has stated the proper test in the case of *Niemes* v. *Niemes*, 97 Ohio St., 145, 119 N. E., 503, the fourth paragraph of the syllabus reading as follows:

"4. Testamentary capacity exists when the testator has sufficient mind and memory:

"First, to understand the nature of the business in which he is engaged;

"Second, to comprehend generally the nature and extent of his property;

"Third, to hold in his mind the names and identity of those who have natural claims upon his bounty;

"Fourth, to be able to appreciate his relation to the members of his family."

Special charge A was, therefore, properly refused.

Furthermore, the various phases of this subject were adequately covered by other special charges given at the request of the plaintiff. They were also properly stated in the general charge.

(2) Assignment of error No. 2 is that the trial court erred in refusing to give the following special charge, designated in the record as special charge B:

"The court instructs you that if, from a preponderance of all the evidence, you find that Sidney Kirby, at the time on December 27, 1951, when he signed his purported will, had false beliefs about his son which influenced and controlled him in deciding about the disposition of property to his son in said will, you will be justified in finding that he was not of sound mind at the time, and your verdict must be that his purported will was not his last will and testament."

False beliefs may be and often are the result of inaccurate or insufficient information; they may or may not signify lack of mental capacity to make a will. This charge was therefore properly refused.

(3) Assignment of error No. 3 is that the trial court erred in refusing to submit to the jury the following special interrogatory:

"The following question of fact, submitted to the jury, who are instructed by the court to answer the same, is hereby returned with the general verdict, fully answered as follows: At the time Sidney Kirby executed his will on December 27, 1951, was he laboring under any false beliefs about his son which influenced and controlled the disposition of property of his son in that will? Answer ......."

This interrogatory, like requested special charge B, is limited to the matter of "false beliefs." Therefore, it does not test the verdict or relate to "material allegations," as mentioned in Section 2315.16, Revised Code, and was properly refused.

(4) Assignment of error No. 4 is that the court erred in charging the jury not to consider the subject of insane delusions, and "that the issue of insane delusions does not exist in this case."

Plaintiff contends that this issue should have been charged because of evidence that testator felt hostile toward his son, Ralph L. Kirby, imagining that the son and his family had slighted and neglected him, especially in failing to visit him with their prior frequency.

The general principles involved are stated in 41 Ohio Jurisprudence, 318, Wills, Section 86, and on page 319 thereof, Wills, Section 88, as follows:

"In order to avoid or set aside a will on the ground that the testator at the time of the execution thereof labored under a delusion, the delusion must be an insane delusion which affects the provisions of the will. An insane delusion which will render one incapable of making a will is difficult to define, but generally speaking, it may be defined as a belief in things which do not exist and which no rational mind would believe to exist. A Court of Common Pleas has defined an insane delusion as a diseased condition of the mind in which the testator believes things to exist which exist only in his imagination, and with a persuasion of belief so firm and fixed that neither evidence nor argument can convince him to the contrary. The essence of an insane delusion is that it has no basis in reason and cannot be dispelled by reason."

"The subject matter of an insane delusion must have no foundation in fact, for there is no such thing as a delusion founded upon facts. Nor can it be founded upon evidence, for if there is any evidence, however slight or inconclusive, which might have a tendency to create the belief, such belief is not a delusion. The essential question is whether the testator had before him any facts on which his belief might have been founded, irrespective of the actual evidential force of such facts. A belief of a testatrix that certain women had attempted to poison her does not require the conclusion that the testatrix was insane, or that the women were guilty of attempting to poison her, since drawing a conclusion from facts that do not justify it does not prove insanity."

It will be seen, therefore, that mere evidence of a fact, whether or not the fact is actually established by the evidence, serves to remove the testator's deductions therefrom, or his construction or interpretation thereof, from the realm of insane delusion. Hence we can not say that the court erred in withdrawing from the jury the issue of insane delusions, if there is any evidence in the case upon which a sane man might make similar deductions.

Without a complete bill of exceptions we would not be justified in concluding that there is no such evidence. The principle declared in *Elser* v. *Parke,* 142 Ohio St., 261, 51 N. E. (2d), 711, and discussed in 3 Ohio Jurisprudence (2d), 355, Appellate Review, Section 449, applies with particular force:

"* * * where the correctness of the charge of the court to the jury is dependent upon the evidence, and the bill of exceptions does not contain all the evidence, a reviewing court can not say that portions of the charge to the jury which are complained of were not properly given."

As defendants point out further, there is nevertheless credible evidence in plaintiff's own case, as shown by the bill of exceptions, that the visits of Ralph L. Kirby and his family to the testator did actually diminish in their frequency; and that, therefore, there is evidence of fact upon which testator could base his deductions, so that they can not be regarded as insane delusions.

Plaintiff says, however, that his expert psychiatrist gave an opinion supporting the view that testator suffered insane delusions in this regard, affecting the provisions of his will. It is contended, therefore, that this opinion testimony required submission of the issue to the jury.

But, "legal definitions of insane delusion have come to be quite independent of the clinical or pathological views of the medical profession." 175 A. L. R., 882, 886. The trial court was dealing with the legal principles noted above. The opinion of the clinical expert could not change the factual content of the evidence.

The issue of insane delusions was therefore properly withdrawn from the jury.

There being no error prejudicial to the plaintiff in the record, the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and WISEMAN, J., concur.

ON APPLICATION for rehearing.

ON MOTION to certify.

(Decided June 20, 1957.)

*Per Curiam.* Plaintiff, appellant herein, has made application for a rehearing and a motion to certify the record in this case to the Supreme Court for conflict with a judgment of the "Court of Appeals" for Cuyahoga County in the case noted below.

The application for rehearing presents nothing which has not already been carefully considered and passed upon. Counsel now emphasizes a constitutional argument that plaintiff has been deprived of his right of trial by jury by the action of the trial court in withdrawing from the consideration of the jury the question of testator's alleged insane delusions. The trial court found as a matter of law that the evidence did not present a question for the jury's determination, and we approved his finding. Hence, there being no jury question involved, plaintiff has been denied nothing to which he was entitled.

In support of the motion to certify, counsel cites the case of *Jordan* v. *Mutual Life Ins. Co.*, 24 C. C. (N. S.), 49, 34 C. D., 469, as being in conflict with our judgment. In that case the court was passing upon the evidence which was in conflict and found the fact to be that an insured was of unsound mind and therefore incapable of changing his beneficiary. Physicians had testified "that he was an insane degenerate with paranoidal tendencies and delusions." The existence of the facts upon which these opinions were based was apparently not challenged. Hence the question was entirely different from ours.

Furthermore, the case referred to was decided by the Cir-

cuit Court of Cuyahoga County in 1906, and we are not required nor empowered under the present Constitution of Ohio to certify the record unless we find the judgment to be in conflict with that of another *Court of Appeals*, and in this connection judgments of the former Circuit Courts are not to be considered. *McLarren* v. *Johnson*, 91 Ohio St., 103, 110 N. E., 249, and 2 Ohio Jurisprudence (2d), 565, 568, Appellate Review, Section 12.

The application for rehearing is denied; the motion to certify is overruled.

*Rehearing denied*
*Motion overruled.*

HORNBECK, P. J., WISEMAN and CRAWFORD, JJ., concur.