**TEWKSBURY, Plaintiff-Appellee, v. CACCIACARRO, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24228.   Decided November 7, 1957.

Harry J. Dworkin, for plaintiff-appellee.
Baker, Hostetler & Patterson, for defendant-appellant.

## OPINION

Per CURIAM:

In this appeal on questions of law from a judgment rendered for plaintiff in the Municipal Court of Cleveland upon a jury verdict in the sum of $3500 for personal injuries sustained in an automobile accident, the only errors assigned are:

1) The trial court erred in overruling defendant-appellant's objections to the improper closing argument of plaintiff-appellee's counsel in referring to the economic condition and needs of plaintiff and his family and in asking the jury to place itself in the plaintiff-appellee's place.

2) The trial court erred in overruling defendant-appellant's motion for a new trial.

The bill of exceptions before us is partial only in that it does not contain any of the evidence produced upon the trial of the cause but contains only closing arguments of counsel and the charge of the court to the jury.  There are no claims made that the verdict is excessive—induced by passion or prejudice or that it is contrary to the manifest weight of the evidence.  Even if such claims were made, we have no means by which to test the verdict against the evidence due to the absence of a complete bill of exceptions.

As to assignmnt of error one, we find in examining the comments of counsel for plaintiff that one comment can reasonably be considered as a direct response to an argument advanced by appellant's counsel, and, therefore, there was no error upon the part of the trial judge in overruling the objection.

As to the other comment of counsel complained of during argument, we think that it was improper but in the meager state of the

record before us, we cannot say that it was prejudicial to the rights of the defendant. Therefore the judgment of the Municipal Court is affirmed for the reason that we find that substantial justice has been done under the provisions of §2309.59 R. C.

For applicable Ohio cases, see **Elser v. Parke, 142 Oh St 261**, 51 N. E. 2d 711; **Hallworth v. Republic Steel Corp., 153 Oh St 349**, 91 N. E. 2d 690; **Sweeney v. Schneider, 73 Oh Ap 157**, 53 N. E. 2d 820.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.