ZIMMERMAN ET, APPELLANTS, *v.* WHITE-ROTH MACHINE CORP., APPELLEE.

Ohio Appeals, Ninth District, Lorain County.

No. 1508.   Decided June 7, 1961.

Messrs. *Levin & Levin*, for the motion.
Mr. *Dan K. Cook*, contra.

HUNSICKER, J.   On December 14, 1960, a judgment was entered by the Common Pleas Court of Lorain County in favor of White-Roth Machine Corp., the appellee herein.   The journal entry overruling a motion for new trial was filed on February 9, 1961, and on February 27, 1961, a notice of appeal was filed.

On April 8, 1961, a partial bill of exceptions was filed in the trial court.   Thereafter, on May 9, 1961, the appellants, Raymond Zimmerman et al., etc., by motion, requested this court to remand the partial bill of exceptions to the Court of Common Pleas for amendment and diminution of the record.

The basis for the request to remand the partial bill of exceptions is, that the official court reporter did not have sufficient time to incorporate all of the testimony in the bill of exceptions by the fortieth day after the filing of the notice of appeal in the trial court.

Section 2321.05, Revised Code, provides for the filing of a bill of exceptions in the trial court "not later than forty days after the perfecting of the appeal."   This requirement is mandatory and cannot be waived by the trial court or the appellate court.   *Bornstein* v. *Mutual Benefit Health & Accident Assn., etc., et al.*, Summit County case No. 5088, decided April 5, 1961, unreported.   *Tenesy* v. *City of Cleveland*, 133 Ohio St., 251. *Mayborn* v. *Continental Casualty Co. of Chicago*, 165 Ohio St., 87.

Section 2321.14, Revised Code, says:

"When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

There has been no showing here that, either through accident or error, an omission has occurred in the bill of exceptions. The claim is that the court reporter did not have sufficient time, because of the press of other business, to complete the bill of exceptions within the 40 days required by statute.

In many respects, the instant case is similar to the case of

*Carnes* v. *Doncy*, 171 Ohio St., 421, where only the covers of the bill of exceptions were filed within the forty-day limitation.

In this case, of course, some testimony was filed between the covers, but not all of the testimony desired by the appellant. It thus becomes merely a matter of degree as to whether a part, or all, of the testimony must be added to make it a complete bill of exceptions. In the *Carnes* v. *Doncy case, supra,* the court reporter did not prepare that bill of exceptions on time, "due to the presurre of work and court procedure \* \* \*."

In *Elser* v. *Parke*, 142 Ohio St., 261, the court determined that:

"1. Before an appellate court may remand a bill of exceptions to a trial court for correction upon application made under Section 11572a, General Code [now Section 2321.14, Revised Code], a showing must be made that an omission in such bill occurred through accident or error."

No such showing has been made in the instant case; and thus we are confronted with only the question as to whether the "press of business," on the part of the court reporter, is a ground for the completion of a bill of exceptions after the time fixed by statute for filing the bill in the trial court.

We recognize that Section 2321.14, Revised Code, is a remedial statute, *State, ex rel. Piletich,* v. *Kovachy et al., Judges*, 166 Ohio St., 298; but the request herein is not to give the statute a liberal construction, rather it is that we extend the purpose of the statute.

We do not have a situation where a bill of exceptions is certified as a complete bill, but which in fact is not a complete bill; in the instant case the bill is certified as a partial bill, and the appellant wishes to complete the bill after the time fixed by statute. There is no statutory authority for allowing an extension of time to file a bill of exceptions in the trial court regardless of the reason assigned. 3 Ohio Jurisprudence (2d), Appellate Review, Section 485, and authorities cited. There is a provision in the statute (Section 2321.10, Revised Code), extending the time within which the trial judge may sign the bill. The problem in this case is one for the legislature and not the court, and although it may appear to be a harsh rule, we are bound by the statute as it now exists.

The motion to amend the bill of exceptions and for diminution of record is denied.

STEVENS, P. J., and DOYLE, J., concur.