THE STATE OF OHIO, APPELLEE, *v.*
WAITE, APPELLANT.

(No. 1887—Decided January 25, 1984.)

*Ms. Peggy J. Schmitz,* assistant prosecuting attorney, for appellee.
*Mr. Eric D. Ritz,* for appellant.

GEORGE, J. David P. Waite was charged with operating a motor vehicle while under the influence of alcohol, a violation of R.C. 4511.19(A)(1), and operating a motor vehicle with a concentration of ten hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath, a violation of R.C. 4511.19(A)(3). A jury found him guilty on both counts. Waite was sentenced only on the offense of driving while under the influence of alcohol. This court affirms that judgment.

Assignment of Error I

"The trial court erred by permitting the arresting officer to testify about an intoxilyzer calibration that he did not perform, by reading from an uncertified page in a log book."

Waite was arrested in Rittman, Ohio, by Officer Riggs. Riggs conducted several field sobriety tests and then placed Waite under arrest. Waite was taken to the police station where Riggs administered the intoxilyzer test to Waite.

At trial Riggs testified not only as to the results of Waite's intoxilyzer test, but also as to the calibration result performed by another officer. At the outset the court notes that there is a difference between the method used to calibrate the intoxilyzer and the procedure followed to determine the degree of intoxication of a particular individual. The intoxilyzer is calibrated following a procedure developed by the Department of Health. A solution of a known quantity of ethyl alcohol is used to determine whether the machine is functioning properly. The machine in question was calibrated on April 1, 1983, and again on April 8, 1983; Waite was tested on April 6, 1983.

The two calibrations (showing that the intoxilyzer was functioning properly) were performed by senior operating Officer Grimes and the results were recorded and entered into a log book. Defense counsel objected to Riggs' testimony regarding calibration results received and recorded by Grimes. In addressing the admissibility of the calibration results on the basis of testimony offered by the nontesting officer, this court has stated that the results are admissible pursuant to Evid. R. 803(6). *State* v. *Frantz* (Nov. 4, 1982), Wayne App. No. 1813, unreported. The calibration of the intoxilyzer is an activity which is conducted in the regular course of police business, making it admissible pursuant to Evid. R. 803(6).

A recent decision in the Court of Appeals for Hancock County, *State* v. *Emch* (1982), 7 Ohio App. 3d 7, held that the calibration result was not a hearsay exception under Evid. R. 803(8)(b). This court holds, however, that such a result is admissible alternatively under Evid. R. 803(8)(a). Evid. R. 803 provides:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

"* * *

"(8) Public records and reports. Rec-

ords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, * * *."

The rules of hearsay are designed to insure the trustworthiness and reliability of evidence. There is no indication that the results of the calibrations performed by Grimes were unreliable due to the fact that Grimes did not testify. This court also notes that the alcohol test results were properly admitted into evidence based upon *State* v. *Walker* (1978), 53 Ohio St. 2d 192 [7 O.O.3d 368], and its applicability to Evid. R. 803(8)(a).

This court finds the testimony of Riggs and the report of each calibration, before and after Waite's test, was properly admitted by the trial court. Accordingly, the first assignment of error is overruled.

### Assignment of Error II

"The trial court erred by overruling appellant's motion for acquittal on the charge of violating Ohio Revised Code Section 4511.19(A)(3)."

Waite was charged with violating R.C. 4511.19(A)(1) and 4511.19(A)(3) and was found guilty of both. He was convicted, however, only of violating R.C. 4511.19(A)(1). A conviction only exists upon sentencing. *State* v. *Curtis* (1965), 2 Ohio App. 2d 31 [31 O.O.2d 72]. Since Waite was not sentenced, and therefore not convicted of a violation of R.C. 4511.19(A)(3), he is unable to show any prejudice as to that offense. It is well-settled that the appellant must demonstrate prejudice as the result of any error before the judgment of the trial court will be reversed. *Elser* v. *Parke* (1943), 142 Ohio St. 261 [27 O.O. 204]. This court finds the appellant has failed to demonstrate prejudice which resulted from the trial court's denial of his motion to acquit on a charge for which he was not convicted. Accordingly, the second assignment of error is overruled.

### Summary

The assignments of error are overruled. The judgment of conviction is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.