DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff-Appellant Shelly Newhouse has appealed from the judgment of the Summit County Court of Common Pleas, Probate Division, which found the will of decedent Joseph Graczyk to be valid. This Court affirms.
 I {¶ 2} Decedent Joseph Graczyk died on January 6, 2005 and his estate was opened in the Summit County Court of Common Pleas, Probate Division (the "probate court"). On January 25, 2005 the probate court admitted the last will and testament of Mr. Graczyk, dated March 6, 2004 and on deposit with the probate *Page 2 
court since March 25, 2004. Mr. Graczyck was married to Edna Graczyk, who predeceased him in 2000. The couple had three children: Joseph Graczyck, Jr., Edna Rydzinski, and Joan Newhouse. Edna and Joan predeceased Mr. Graczyk in August 2004. Edna was survived by three children: Pam Rydzinski, Kelly Ulatowski, and Debra Hamed. Joan was survived by her daughter, Appellant Shelly Newhouse.
 {¶ 3} On April 25, 2005, Appellant filed the present action, contesting the validity of her grandfather's will. A bench trial was had on October 10 and 11, 2006. On October 24, 2006, the trial court issued an order denying Appellant's complaint and finding Mr. Graczyck's will to be valid and enforceable.
 {¶ 4} Appellant timely appealed asserting one assignment of error.
 II Assignment of Error "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DECLARING THE WILL OF JOSEPH GRACZYK DATED MARCH 6, 2004, VALID AND FINDING THAT THE SAID WILL WAS NOT CAUSED BY AN INSANE DELUSION OF JOSEPH GRACZYK AS SUCH A FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} In her assignment of error, Appellant has argued that the trial court committed reversible error in declaring Mr. Graczyk's will valid. Specifically, she has argued that the will was a product of Mr. Graczyk's insane delusion and that the trial court's finding otherwise was against the manifest weight of the evidence. This Court disagrees. *Page 3 
 {¶ 6} The law is clear that if a civil judgment is supported by some competent, credible evidence going to all of the essential elements of the case, there should not be a reversal by a reviewing court as being against the manifest weight of the evidence. CE. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St. 2d 279. In a will contest case, a person is presumed to be of sound mind. Estate of Fruchtman v. Fruchtman (Feb. 1, 1985), 6th Dist. No. L-84-234, at *2, citing Kennedy v. Walcutt
(1928), 118 Ohio St. 442. It is the duty of the party contesting the will to prove "by a preponderance of the evidence not only that the delusions, or insane delusions, claimed, existed in the mind of the testator, but that such delusions or insane delusions, affected and controlled the testator's mind in the making of the dispositions by the purported will[.]" Fridline v. Dolby (Dec. 2, 1929), 8 Ohio Law Abs. 423, at *2. An insane delusion "may be defined as a belief in things which do not exist and which no rational mind would believe to exist."Kirby v. Kuhns (1957), 105 Ohio App. 294, 298. One Ohio court has held insane delusions are "false beliefs not founded upon fact or reason and which beliefs could not be removed by argument or persuasion." (Quotations omitted). Spidel v. Warrick (1948), 83 Ohio App. 332, 341. To prove an insane delusion the evidence must show that the belief of the testator was founded on a false premise. Bauchens v. Davis (1907),229 Ill. 557.
 {¶ 7} Initially, we note that Appellant's brief details numerous facts ranging from Mr. Graczyk padlocking his property to his failure to clean up after *Page 4 
his dogs. Appellant, however, often fails to even place dates on many of these alleged incidents. More importantly, Appellant has failed to argue how a vast majority of these facts are relevant to our test for insane delusion.
 {¶ 8} This Court also notes that Appellant pursued her claim in the trial court and has argued the matter in this Court based upon delusions relating to her mother. Appellant has argued that her mother was excluded from the will based upon insane delusions, but Appellant has not argued that these delusions relate directly to her. As such, we review Appellant's argument regarding delusions as they relate to Joan and Joan's disinheritance.
 {¶ 9} In the present matter, Appellant failed to establish by a preponderance of the evidence that Mr. Graczyk suffered from an insane delusion that affected the disposition of his will. The record indicates that Mr. Graczyk told his attorney, Alfred Minichiello, that he wanted Joan and Appellant removed from his will due a disagreement with them. Evidence introduced at the hearing demonstrated that this disagreement arose through Mr. Graczyk's belief that Joan was stealing from him and because of a dispute over the estate of Mr. Graczyk's brother-in-law, Ralph Kleps. For ease, we address these distinct concepts individually.
Theft {¶ 10} Appellant testified that she had never stolen from Mr. Graczyk. Rosemary Kowawlcic, Mr. Graczyk's neighbor, testified that Joan never stole *Page 5 
anything to her knowledge, but based that opinion on Joan's personality. Numerous witnesses, including Joan's niece, Debra Hamed, testified that they didn't know whether or not Joan or Appellant stole from Mr. Graczyk. Ms. Hamed testified that Mr. Graczyk did not accuse people in general of stealing, but specifically accused Joan. In fact, Ms. Hamed testified that her mother (Joan's sister) had told her that Joan had admitted to taking back gifts that had been given to Mr. Graczyk. Further, Joe Graczyk, Jr. testified that both his parents informed him that Joan had admitted that she had taken Mr. Graczyk's tomatoes to give to the people at her shop. At the hearing, Appellant did not deny this fact. Rather, she explained that she and her mother had begun taking care of the tomatoes after they were neglected by Mr. Graczyk.
 {¶ 11} "[I]f there is any evidence, however slight or inconclusive, which might have a tendency to create the belief, such belief is not a delusion." Kirby, 105 Ohio App. at 298. It is clear from the record that evidence existed, however slight, to justify Mr. Graczyk's beliefs. Ms. Hamed testified that Joan had admitted to taking back gifts that had been given to her grandparents. Moreover, Appellant admitted that she and her mother removed tomatoes from the property. This testimony by itself could reasonably create a suspicion, whether reasonable or not, in Mr. Graczyk's mind that Joan was "stealing" from him.
 {¶ 12} In an effort to meet her burden Appellant has focused heavily upon the testimony of Dr. Zayat, a neurologist. We find Dr. Zayat's testimony *Page 6 
irrelevant to our analysis. Dr. Zayat examined Mr. Graczyk roughly six months after his will executed. Moreover, even if we were to accept Dr. Zayat's speculative testimony that Mr. Graczyk was delusional when he examined him and must have been delusional six months earlier, Appellant has failed to relate this testimony to Mr. Graczyk's will. As noted above, to invalidate a will, Appellant must demonstrate not only an insane delusion, but that the delusion affected the disposition of the will. Appellant has made no argument that any of the alleged delusions identified by Dr. Zayat affected the disposition of Mr. Graczyk's will. Dr. Zayat's testimony, therefore, provides no support for Appellant's claim.
 {¶ 13} As this Court found above, the sole allegation that an insane delusion affected the will centered on Appellant's belief that Mr. Graczyk excluded her and Joan due to his belief about theft. Having found that belief not to be delusional, Appellant failed to meet her burden. Accordingly, Appellant failed to demonstrate that Mr. Graczyk was suffering from an insane delusion that affected his will.
Kleps Estate {¶ 14} Undisputed evidence was introduced which demonstrated that Mr. Graczyk was angry over the fact that Joan wanted her mother's entire share of Mr. Kleps' estate and did not want to share it with her brother and sister. There was no evidence presented below which demonstrated that Joan had not sought the entire Kleps' estate. Mr. Graczyk's belief about this fact, therefore, was not *Page 7 
demonstrated to be an insane delusion. Accordingly, it is possible that Mr. Graczyk's anger over this incident caused him to remove Joan from his will. This basis for excluding Joan and her daughter supports a finding that Appellant failed in her burden to demonstrate that it was the alleged delusions which caused her disinheritance.
Conclusion {¶ 15} "If a testator's antipathy toward a relative is attributable to some action by the relative adverse to the testator's interest, it will not be deemed an insane delusion[.]" 79 AM.JUR. 2d Wills § 84. As stated above, there is some, slight, evidence in the record to substantiate Mr. Graczyk's antipathy toward Joan and Appellant. While it is possible that Mr. Graczyk may have been mistaken regarding his daughter and granddaughter, such mistake does not transform his strong beliefs into insane delusions, as those beliefs had some basis in fact. Further, there was evidence in the record that Mr. Graczyk excluded his daughter and granddaughter from his will for reasons entirely distinct from his belief about theft. Accordingly, there is competent, credible evidence in the record to support the trial court's determination that Appellant failed to demonstrate that Mr. Graczyk suffered from an insane delusion and failed to demonstrate that any such delusion affected a disposition in the will. Accordingly, the trial court did not err in finding Mr. Graczyk's will valid. *Page 8 
 {¶ 16} Appellant's assignment of error lacks merit.
 III {¶ 17} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 9 
 SLABY, P. J. CARR, J., CONCUR *Page 1