BELL, APPELLANT AND CROSS-APPELLEE, *v.* GIAMARCO, APPELLEE AND CROSS-APPELLANT; COBB, APPELLEE.

(No. 87AP-693—Decided June 28, 1988.)

*Robert G. Palmer,* for appellant and cross-appellee.

*Hamilton, Kramer, Myers & Cheek* and *Brian J. Bradigan;* and *Duncan D. Aukland,* for appellee and cross-appellant Joseph P. Giamarco.

*Robert E. Frost & Associates* and *Gwenn S. Karr,* for appellee Robert H. Cobb.

STRAUSBAUGH, J. This is an appeal by plaintiff and a cross-appeal by one defendant from a judgment of the court of common pleas sustaining defendants' motions for directed verdicts. The Civ. R. 50(A) motions were made in plaintiff's action for wrongful death brought pursuant to R.C. 2125.01.

Plaintiff's decedent, Regina Ruth Bell, aged five, was killed on December 20, 1982, while walking home with her brother from a friend's house. The accident occurred when Regina and her brother Matt attempted to cross Oakland Park Avenue where it intersects with Walmar Drive. As the children waited to cross, a car pulled up in the lane in front of them and stopped approximately one or two car lengths behind the preceding car. Apparently the westbound traffic on Oakland park was stopped for a traffic light. The testimony at trial indicated that the driver of that car, who plaintiff alleges was defendant Robert H. Cobb, waved to the children indicating that it was safe to cross in front of him. At about this same time, an automobile driven by defendant Joseph P. Giamarco was proceeding eastbound on Oakland Park. Although Matt attempted to pull Regina back onto the curb, she jerked loose and ran across the street into the path of defendant Giamarco's vehicle. Regina was struck by the edge of a headlight on Giamarco's vehicle and suffered a fatal injury.

Plaintiff, Jim Bell, as the father and personal representative of the estate of his late daughter, instituted this wrongful death action pursuant to R.C. 2125.01. The case came on for trial before a jury on June 8, 1987. At the trial, Matt Bell testified that the man in the car which had pulled in front of them had waved for them to cross. He further testified that he did not know whether his sister saw the man wave; that he did not know whether it was defendant Cobb who waved to the children; and that he was unable to say what the man looked like in that car. Defendant Giamarco testified that he was looking directly in front of him, but that his attention was diverted by a ball which bounced into his path; that he was traveling approximately thirty m.p.h.; that he then heard a thump; and that he was not

sure whether he ever saw Regina in front of his car. Defendant Cobb testified that although the children may have looked at him, he did not wave to them; that he never saw defendant Giamarco slow down or swerve; and that he never saw a ball.

At the close of plaintiff's case, both defendants moved the court, pursuant to Civ. R. 50(A), for directed verdicts in their favor. Those motions were sustained by the trial court and plaintiff now appeals.

Plaintiff assigns three errors for review:

"I. The lower court erred in granting defendant Giamarco's motion for directed verdict.

"II. The lower court erred in granting defendant Cobb's motion for directed verdict.

"III. The trial court erred in not admitting plaintiff's Exhibits 16, 18, 20, 21, 22, 23, 24, 25 and 26.''

Defendant Giamarco has also cross-appealed and sets forth a single assignment of error:

"The trial court abused its discretion in failing to exclude Bell's Exhibit number 12 as well as the home movie of the decedent. The obvious prejudicial potential of this evidence made its exclusion mandatory pursuant to Rule 403, Ohio Rules of Evidence.''

Under plaintiff's first two assignments of error, he argues that the trial court erred in granting either defendant's Civ. R. 50(A) motion. Plaintiff maintains that the evidence adduced at trial gives rise to competing inferences as to whether defendant Cobb was where he said he was, whether he waved to the children and whether Regina saw him wave. With respect to defendant Giamarco, plaintiff contends that the inconsistent and confusing nature of his testimony, as well as the physical layout of the accident scene, gives rise to factual disputes regarding the circumstances of the accident.

Generally, a directed verdict is appropriate only where the party opposing the motion fails to produce any evidence on the essential elements of his claim or defense. *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215, 58 O.O. 2d 424, 280 N.E. 2d 896. Under Civ. R. 50(A), the trial court is concerned only with the legal sufficiency of the evidence, not the weight of that evidence. *Ruta* v. *Breckenridge-Remy Co.* (1982), 69 Ohio St. 2d 66, 23 O.O. 3d 115, 430 N.E. 2d 935.

The essential elements of a negligence claim are duty, breach of that duty, and damage or injury as a proximate result of the breach. *Baier* v. *Cleveland Ry. Co.* (1937), 132 Ohio St. 388, 391, 8 O.O. 208, 209, 8 N.E. 2d 1, 2; *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282, 285, 21 O.O. 3d 177, 179, 423 N.E. 2d 467, 469. The existence of a duty turns in part on the foreseeability of the injury. *Gedeon* v. *East Ohio Gas Co.* (1934), 128 Ohio St. 335, 338, 190 N.E. 924, 925-926. In order for the issue of negligence to go to the jury, it is plaintiff's burden to adduce sufficient evidence to establish that either defendant breached a duty by exposing Regina to a foreseeable risk of unreasonable harm. *Englehardt* v. *Philipps* (1939), 136 Ohio St. 73, 78, 15 O.O. 581, 583, 23 N.E. 2d 829, 831-832.

With respect to defendant Cobb, although he was under no affirmative duty to assist the children in crossing the street, to the extent he undertook such assistance, he assumed the duty to exercise due care in that undertaking. Cf. *Seley* v. *G. D. Searle & Co.* (1981), 67 Ohio St. 2d 192, 21 O.O. 3d 121, 423 N.E. 2d 831, and *Briere* v. *Lathrop Co.* (1970), 22 Ohio St. 2d 166, 51 O.O. 2d 232, 258 N.E. 2d 597. Moreover, automobile operators owe a statutory duty of care to pedestrians who are lawfully crossing the street. R.C. 4511.46(A). Where the pedestrian

is a young child, motor vehicle drivers are charged with greater care in discharging their duties than would be imposed were the pedestrian an adult. *Sargent* v. *United Transportation Co.* (1978), 56 Ohio App. 2d 159, 10 O.O. 3d 180, 381 N.E. 2d 1331. While an adult may have no right to rely on hand signals from drivers beckoning them to turn or cross the street, *Van Jura* v. *Row* (1963), 175 Ohio St. 41, 23 O.O. 2d 344, 191 N.E. 2d 536, we conclude that a young child who so relies may properly seek to hold the operator liable for resulting injuries. Cf. *Sweet* v. *Ringwelski* (1961), 362 Mich. 138, 106 N.W. 2d 742, 90 A.L.R. 2d 1434.

At trial, plaintiff put on evidence tending to show that decedent Regina, aged five, attempted to cross Oakland Park Avenue in an unmarked crosswalk; that defendant Cobb saw the children; that traffic was moderate in the vicinity; that it was early evening in late December; that defendant Cobb waved to the children, indicating for them to cross in front of him; that defendant Cobb observed defendant Giamarco's vehicle proceeding east on Oakland Park Avenue toward his automobile; and, that the speed of the Giamarco vehicle was in the range of twenty to thirty-five m.p.h.

Given this evidence, we find it sufficient to allow this case to proceed to the jury. Construing the evidence most favorably to plaintiff, reasonable minds could differ as to whether defendant Cobb should have been aware of the hazard posed by crossing Oakland Park Avenue under the circumstances or whether he breached his duty of ordinary care by beckoning the children to cross. Whether defendant Cobb waved to the children and whether he was aware or should have been aware of the dangers are questions for the jury.

Defendant Cobb argues, however, that plaintiff failed to adduce sufficient evidence with respect to either a breach of any duty owed by him to Regina or that any alleged breach proximately caused her death. Specifically, defendant Cobb maintains that plaintiff failed to establish via direct evidence that he was the person who waved for the children to cross; that Regina actually saw him wave; or, that Regina relied upon this signal in making her decision to cross the street. Rather, it is defendant Cobb's position that for the jury to infer that Regina relied upon the signal, such inference must be impermissibly premised upon two other inferences. The first of those would require an inference that defendant Cobb was the driver who waved to the children since Matt Bell could not identify the driver as defendant Cobb. The other inference upon which the jury must rely in holding defendant Cobb liable is that Regina saw the wave since Matt was also unable to state whether Regina saw the wave.

Clearly, a jury may not make an inference which is based solely and entirely upon another inference absent additional facts or inferences from other facts to support the second inference. *Hurt* v. *Charles J. Rogers Transportation Co.* (1955), 164 Ohio St. 329, 58 O.O. 122, 130 N.E. 2d 820, paragraph one of the syllabus. However, reasonable inferences may be drawn from another inference if the second inference is based in part upon additional facts. *Id.* at paragraph two of the syllabus. Likewise, a jury may draw several inferences from one set of facts. *Id.* at paragraph three of the syllabus; *McDougall* v. *Glenn Cartage Co.* (1959), 169 Ohio St. 522, 9 O.O. 2d 12, 160 N.E. 2d 266, paragraph two of the syllabus. Finally, no impermissible stacking of inferences arises where the jury bases a verdict partly on an inference arising from the facts and partly on another inference drawn both from those facts and from com-

mon experience. *Motorists Mut. Ins. Co.* v. *Hamilton Twp. Trustees* (1986), 28 Ohio St. 3d 13, 16, 28 OBR 77, 80, 502 N.E. 2d 204, 207.

Applying the foregoing principles to this case, no impermissible inference stacking would arise should this matter go to the jury. First, it is debatable whether a jury would be required to infer that defendant Cobb was the driver who waved to the children. Although Matt was unable to identify the driver as defendant Cobb, defendant Cobb's testimony unequivocally established that he was the driver. Specifically, defendant Cobb testified that no other cars were between his car and the children and that the vehicle behind his was a van.

Even assuming an inference is required to identify the driver of that car as defendant Cobb, no impermissible inference would arise were the jury to conclude that Regina saw defendant Cobb wave or that she relied on the wave. As to the former, defendant Cobb testified that Regina may have looked at him prior to leaving the curb. Matt also testified that although he was not sure whether Regina actually saw the driver wave, he saw her facing him when he waved the second time and that Regina looked back at the driver and then ran into the street. Such independent evidence is sufficient to support a second inference that Regina saw defendant Cobb beckon the children to cross the street. With respect to whether Regina relied on the wave, Matt testified that his sister ran into the street after looking back in the direction of defendant Cobb's car. Although this evidence also supports the inference that Regina saw the wave, when coupled with Matt's testimony that he told her not to cross the street, a jury could conclude from common experience that young children often rely on the direction of an adult in making decisions. Cf. *Motorists Mut. Ins. Co., supra.*

Similarly, sufficient evidence was put on to allow the issue of defendant Giamarco's liability to go to the jury. As noted above, motorists owe a duty of care to pedestrians lawfully crossing a street. R.C. 4511.46(A). Moreover, as an automobile operator, defendant Giamarco was charged with the duty to keep a lookout, not only in front of his vehicle, but to the sides and rear as the circumstances warranted. *State* v. *Ward* (1957), 105 Ohio App. 1, 10, 5 O.O. 2d 130, 135, 150 N.E. 2d 465, 471; *Scott* v. *Marshall* (1951), 90 Ohio App. 347, 365, 61 Ohio Law Abs. 341, 355, 48 O.O. 12, 19, 105 N.E. 2d 281, 291, appeal dismissed (1951), 156 Ohio St. 270, 46 O.O. 129, 101 N.E. 2d 906. Although defendant Giamarco was entitled to proceed lawfully eastbound on Oakland Park Avenue, the common law imposes a duty upon motorists to exercise such right in a reasonable manner upon becoming aware of a perilous situation. *Morris* v. *Bloomgren* (1933), 127 Ohio St. 147, 187 N.E. 2, 89 A.L.R. 831.

The testimony and evidence at trial indicates that defendant Giamarco was traveling east on Oakland Park Avenue and stopped for the light at the intersection of Karl Road and Oakland Park; that he proceeded through the intersection after stopping and reached a speed that was in the range of twenty to thirty-five m.p.h. as he approached the intersection of Oakland Park and Walmar Drive; that either Regina ran across the street between the stopped cars such that defendant Giamarco did not see her until she was in front of him or that a dark orange ball bounced in front of him as he approached the intersection; that as he applied his brakes, he heard a thump; and that as Regina ran across Oakland Park, she veered to her left just prior to being hit.

Given the evidence, we cannot conclude as a matter of law that defendant Giamarco breached no duty of care to

Regina. Whether defendant Giamarco was, or should have been, aware of Regina's presence and whether defendant Giamarco failed to exercise reasonable care under the circumstances are questions for the jury. Nor can we conclude, as defendant Giamarco urges, that the accident in question was unavoidable. Generally, this issue is one for the jury, assuming the facts would warrant an unavoidable accident instruction. See, *e.g., Uncapher* v. *Baltimore & Ohio RR. Co.* (1933), 127 Ohio St. 351, 188 N.E. 553, paragraphs two and three of the syllabus; *Grindell* v. *Huber* (1971), 28 Ohio St. 2d 71, 57 O.O. 2d 259, 275 N.E. 2d 614, paragraph three of the syllabus; *Oatman* v. *Frey* (1958), 108 Ohio App. 72, 75, 9 O.O. 2d 126, 128, 160 N.E. 2d 664, 667. Accordingly, we find merit to plaintiff's first and second assignments of error and they are sustained.

As his final assignment of error, plaintiff maintains the trial court erred in excluding evidence relating to the issues of loss of society and mental anguish. It is plaintiff's position that parties must be allowed the opportunity to present relevant evidence to aid the jury in understanding the depth of plaintiff's grief and loss. Defendant Giamarco, on cross-appeal, also assails an evidentiary ruling by the trial court which went to the issue of damages. Specifically, defendant Giamarco maintains that the common pleas court erred in admitting two of plaintiff's exhibits, since the sole effect was to arouse jury sympathy.

Initially, it should be noted that since this matter is before the court on a directed verdict regarding liability, any claim of error with respect to the issue of damages is premature for several reasons. First, it is fundamental that error in the admission or exclusion of evidence will be reversed only if such error is prejudicial to the complaining party. *Elser* v. *Parke* (1943),

142 Ohio St. 261, 27 O.O. 204, 51 N.E. 2d 711, paragraph five of the syllabus, Civ. R. 61; R.C. 2309.59. Since prejudice can normally be assessed only in light of a verdict, it is usually incorrect for a reviewing court to affirm a trial court's ruling following a directed verdict. Cf. *Hallworth* v. *Republic Steel Corp.* (1950), 153 Ohio St. 349, 357-359, 41 O.O. 341, 344-345, 91 N.E. 2d 690, 695. Here, the jury has not yet rendered its verdict.

Second, even assuming error on the part of the trial court, the jury may nevertheless find in plaintiff's favor for the entire amount he seeks. Conversely, the jury could find that defendants incurred no liability, thus rendering moot any error with respect to the issue of damages.

Finally, since this matter is being remanded to the common pleas court, it is free to reconsider its prior rulings on the evidence or to give appropriate instructions to the jury regarding damages. For these reasons, to the extent the trial court erroneously excluded or admitted plaintiff's evidence, neither plaintiff nor defendant Giamarco can demonstrate prejudice at this point as a result of such errors.

In any event, the trial court did not err in excluding plaintiff's evidence.

Exhibit 16 is not clearly relevant to any issue in the case since that document on its face concerns the sense of loss experienced by parents following stillbirth, miscarriage or infant death. However, information regarding a family's loss upon the death of a child was provided by the deposition of Thomas Louden, which testimony was supported by testimony from Regina's grandparents. As such, the court did not err in excluding the document.

Plaintiff similarly objects to the exclusion of Exhibits 18, 25 and 26, poems written respectively by Matt, Regina's mother Cindy, and grandmother Ruth Hilton, expressing feelings of loss or grief following Regina's

death. The trial court excluded the poems for the reasons that they were not probative, that they were cumulative and that they were overly prejudicial.

Although the poems may well have been probative of the extent of the family's loss, this court concludes that the trial court properly excluded the exhibits. Clearly, Matt and Ruth Hilton either expressed or had the opportunity to express their feelings when they testified. As such, their poems were cumulative. Cf. *Szalay* v. *Dupper* (Mar. 13, 1987), Lake App. No. 11-175, unreported, at 4. Since plaintiff has failed to transmit to this court the testimony of Cindy, this court must conclude that her poem was likewise cumulative. Moreover, although the poems may be probative of the family's loss, the potential for undue prejudice is great in that sympathy induced by the poems could lead to a finding of liability regardless of the evidence of either defendant's negligence.

Finally, plaintiff contests the trial court's exclusion of five photographs which apparently depicted Regina's grave site. The grave site was located on family-owned property which had been converted to a memorial park over which Regina's ashes were spread. Plaintiff's contentions with respect to the photographs are rejected for the same reasons the poems were properly excluded. Regina's grandfather Roger Hilton established the purpose of the memorial park via his deposition testimony. The pictures, beyond depicting the park and grave site, described by that testimony, could serve no other function relevant to this case.

For all of the foregoing reasons, plaintiff's third assignment of error is overruled.

Defendant Giamarco maintains on cross-appeal that the common pleas court erred in admitting plaintiff's Exhibit 12 and in allowing the jury to view a home movie of Regina. Exhibit 12 is a photograph of the accident scene on Oakland Park Avenue showing where Regina landed after being struck. The picture also depicts a bloodstain on the pavement although the stain is somewhat muted because of distance and lighting.

While Exhibit 12 may be cumulative, since the layout of the scene was established via testimony and through the use of a sketch, this court cannot conclude that the trial court was required to exclude the photograph. The physical layout of the accident location is relevant to the issue of either defendant's liability, and the photograph furthers this issue beyond the sketch utilized during trial. Cf. Evid. R. 401 and 402. While the bloodstain may be somewhat prejudicial, we are unable to conclude that exclusion was mandatory as defendant Giamarco suggests. Cf. *Humphrey* v. *State* (1984), 14 Ohio App. 3d 15, 18, 14 OBR 18, 22, 469 N.E. 2d 981, 985.

The home movie, on the other hand, should properly have been excluded. The minimum requirement for the admission of any evidence is that it tends to make more or less probable the existence of any fact of consequence to the case. Evid. R. 401 and 402. This court is unable to ascertain, and plaintiff has failed to supply us with any direction in this respect, what material fact is made more or less probable by the home movie. Clearly, the movie does not go to the issue of liability. Nor can we perceive any relation between the movie and the issue of damages. Properly, the trial court should have excluded this evidence. However, because defendant Giamarco is unable to show, at this stage of the proceedings, prejudice as a result of the trial court's ruling on this evidence, we are constrained to overrule defendant Giamarco's sole assignment of error on cross-appeal.

Based on the foregoing, plaintiff's

first and second assignments of error are sustained. Plaintiff's third assignment of error and defendant Giamarco's assignment of error on cross-appeal, any error being nonprejudicial, are overruled. The judgment of the court of common pleas directing the verdict in favor of defendants Giamarco and Cobb is reversed and this matter is remanded to that court for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

REILLY and BOWMAN, JJ., concur.