DUVAL et al.,

v.

MEARS, Appellant; McKinney, Appellee.

[Cite as *Duval v. Mears* (1991), 77 Ohio App.3d 270.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–279.

Decided Sept. 20, 1991.

---

*David W. Doerner,* for appellant.

*William H. Bracy,* for appellee.

ABOOD, Judge.

This is an appeal from a summary judgment granted by the Lucas County Court of Common Pleas to third party-defendant/appellee, Yvette McKinney, on the third party complaint of defendant third party-plaintiff/appellant, Ruth J. Mears. Appellant sets forth two assignments of error:

"I. Assignment of Error No. 1

"The trial court erred in granting Yvette McKinney's motion for summary judgment.

"II. Assignment of Error No. 2

"The trial court erred when it was unable to identify a standard of care for Yvette McKinney."

Since the assignments of error are inextricably intertwined, they will be considered together.

The undisputed facts that are relevant to a determination of the issues raised by this appeal are as follows. On August 24, 1987, Mears was driving east on Monroe Street in Toledo when she stopped in the left-turn lane to await the opportunity to make a left turn onto Jermain Street. (There is no stop light or stop sign at this intersection.) McKinney was stopped in the inside west bound lane of Monroe at the same intersection waiting to make a left turn in the opposite direction. At the same time, unknown to either Mears or McKinney, Irene M. Duval was traveling west in the outside "curb" lane of Monroe Street, approaching the intersection when McKinney motioned to Mears to proceed by waving her hand.[1] Mears then made the turn and collided with Duval. On June 9, 1989, Duval filed a complaint against Mears in the Lucas County Court of Common Pleas which alleged that Mears had been negligent in the operation of her vehicle and that that negligence caused the accident. On July 24, 1989, Mears filed a third-party complaint against McKinney which alleged that McKinney was negligent in waving her through the intersection and sought contribution from McKinney. On September 15, 1989, McKinney filed her answer to the third-party complaint and, on May 24, 1990, filed a motion for summary judgment. On May 31, 1990, Mears filed a memorandum in opposition to McKinney's motion for summary judgment. On June 6, 1990, Duval filed a motion for summary judgment on her complaint against Mears and, on June 14, 1990, Mears filed a memorandum in opposition to Duval's motion for summary judgment. On August 21, 1990, the trial

---

1. McKinney testified that she meant to indicate by the wave of her hand that Mears could enter in front of her in order to ascertain safe passage. Mears testified that she interpreted this to mean that McKinney was assuring her that there was no oncoming traffic. In light of the law set out *infra* in this opinion, we find such factual dispute to be immaterial.

court filed its judgment entry in which it denied Duval's motion for summary judgment, granted McKinney's motion for summary judgment based on a decision in *Van Jura v. Row* (1963), 175 Ohio St. 41, 23 O.O.2d 344, 191 N.E.2d 536, dismissed McKinney from the case and found that there was "no just reason for delay" for an appeal by Mears. It is from this judgment that appellant brings this appeal.

Mears contends that the trial court erred in granting summary judgment in favor of McKinney. In support, she argues: (1) *Van Jura, supra,* is distinguishable in that it defined the law as between the passing motorist and the turning vehicle, not the motioning motorist and the turning vehicle; (2) any reference in *Van Jura, supra,* to the lack of negligence of the motioning driver is *obiter dictum* and not binding on this court; (3) *Bell v. Giamarco* (1988), 50 Ohio App.3d 61, 553 N.E.2d 694, should be applied in this case; and (4) McKinney gratuitously undertook a voluntary act thereby assuming the duty to complete it with the exercise of due care under the circumstances.

McKinney responds: (1) *Van Jura, supra,* properly applied, precludes an imposition of a duty upon the motioning driver; (2) *Bell, supra,* recognizes the rule in *Van Jura, supra,* that the motioning driver is not negligent as binding, and merely carves out an exception; (3) Mears did not raise the "volunteer" issue below; and (4) the imposition of a duty upon a "volunteer" is not warranted in this case.

Mears replies that the issue of duty was properly raised by her in the trial court, as the issue in this case necessarily is " * * * whether a party undertaking an affirmative act could be responsible for the foreseeable results of negligence in performing that act."

Civ.R. 56(C) provides, in pertinent part, that:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

The essential elements of any negligence action are duty, breach of duty, proximate cause and injury, the failure of any of which will defeat the

action. *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, 22–24, 3 OBR 20, 23–25, 443 N.E.2d 532, 534–536. It is the plaintiff's burden to identify a duty owed by the defendant and whether he has done so is a question of law. *Id.* at 22, 3 OBR at 23, 443 N.E.2d at 534.

■ The issue presented here is whether a duty of care should be imposed upon a motorist, who signals another motorist traveling in the opposite direction to proceed to turn left in front of her, to ascertain that it is safe to do so.

No Ohio court has recognized such a duty. In *Van Jura, supra,* paragraphs one, two and three of the syllabus, the Supreme Court of Ohio held:

"1. One who seeks to make a left turn, in the face of traffic coming from the opposite direction, cannot absolve himself from the obligation to proceed with due care by claiming that he depended upon a signal of a motorist going in the opposite direction, who stopped to allow the one making a left turn to pass in front of him.

"2. A motorist about to make a left turn, who is given a signal to pass in front of a stopped vehicle going in the opposite direction, and who, being unable to see whether any other vehicle is also going in the opposite direction, attempts to complete his left turn without exercising due care, and collides with another vehicle having a lawful right to proceed, is guilty of negligence as a matter of law.

"3. An instruction to the jury that it may find the sole proximate cause of an accident to be the act of a truck driver who, having a right to proceed, nevertheless stopped and motioned a left-turning motorist to pass in front of him, is prejudicial and erroneous."

In the body of the opinion, the Supreme Court stated that:

"The (signaling) truck driver, in the position he found himself, owed no duty to Row (turning left). His act was one of courtesy, not obligation." *Id.,* 175 Ohio St. at 44, 23 O.O.2d at 346, 191 N.E.2d at 538.

In *Bell, supra,* paragraphs one and two of the syllabus, the Franklin County Court of Appeals held:

"1. Although a driver of a vehicle has no affirmative duty to assist children in crossing the street, to the extent a driver undertakes to give such assistance, he assumes the duty to exercise due care in that undertaking.

"2. While an adult may have no right to rely on hand signals from drivers beckoning him to turn or cross the street, a young child who so relies may properly seek to hold the operator liable for resulting injuries."

Although Mears is correct in her contention that the statement by the Supreme Court of Ohio in *Van Jura, supra,* that the motioning motorist owes no duty to the turning motorist to exercise due care in determining safe passage, is *obiter dictum* and applies only to preclude the delegation of the duty owed the passing motorist by the turning motorist, this court finds such *dictum* persuasive and declines to impose a duty of care to ascertain safe passage on the motioning motorist. The court in *Van Jura, supra,* correctly analyzed the case of *Devine v. Cook* (1955), 3 Utah 2d 134, 279 P.2d 1073, as precluding a suit by the passing motorist against the motioning motorist based solely on a hand gesture, since such an act is one of courtesy only. It would be incongruous for this court to hold that a motorist who motions to an adult driver to proceed to turn left across an intersection owes a duty to that driver to ascertain safe passage, yet owes no such duty to the passing motorist.

When applying the law as stated to the undisputed facts set forth above, this court finds that there remains no genuine issue as to any material fact and that, when construing the facts most strongly in favor of appellant, reasonable minds can only conclude that McKinney owed no duty of care to appellant, Mears, and, therefore, appellee, McKinney, is entitled to judgment as a matter of law.

Accordingly, Mears' assignments of error are not well taken.

On consideration whereof, this court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas granting McKinney's motion for summary judgment and dismissing her from this case is affirmed. Costs assessed against appellant.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur.