OPINION
Defendant-appellant, Darren C. Morrow, appeals from the April 21, 1999 judgment of the Franklin County Court of Common Pleas. Following a jury trial, appellant was found guilty of one count of theft in violation of R.C. 2913.02, and the trial court sentenced him to a term of imprisonment of twelve months. The conviction was based upon an incident that took place on August 23, 1998, in which appellant was observed by security personnel taking several shirts from the Lazarus store at Westland Mall.
The sole witness at trial was Thomas Williams, who worked for Lazarus security at Westland Mall. Williams testified that, on August 23, 1998, he saw, through closed circuit television, suspicious behavior by a balding black male, whom he later identified as appellant. Williams observed appellant grabbing several shirts from a stack and a shirt from a rack without regard to size or price. Appellant then took the merchandise into a fitting room and emerged a short time later with the shirts in a plastic bag.
Williams left the office and proceeded to the sales floor to check the fitting room for the merchandise after appellant left the fitting room. Williams saw appellant carrying a bag and proceeding toward the door. Williams rapidly approached appellant and said, "[h]ey, excuse me." Appellant did not look back, but dropped the bag and proceeded out the doors and across the parking lot.
Williams returned to the store and picked up the bag. It contained three Hilfiger shirts, three to four Nautica shirts of the same type, and another Nautica shirt of a different type. Williams testified the retail value of the merchandise was approximately $717. Williams also testified that the events he had just described were recorded on a video camera. The videotape was played for the jury.
The trial court instructed the jury on the theft charge in relevant part as follows:
 THE DEFENDANT IS CHARGED WITH THEFT. BEFORE YOU CAN FIND THE DEFENDANT GUILTY, YOU MUST FIND BEYOND A REASONABLE DOUBT THAT ON OR ABOUT THE 23RD DAY OF AUGUST, 1998, IN FRANKLIN COUNTY, COLUMBUS, OHIO, THE DEFENDANT KNOWINGLY OBTAINED AND/OR EXERTED CONTROL OVER PROPERTY WITH THE PURPOSE TO DEPRIVE THE OWNER, LAZARUS, OF SUCH PROPERTY, WITHOUT THE CONSENT OF THE OWNER AND/OR BEYOND THE SCOPE OF THE CONSENT OF THE OWNER BY DECEPTION.
 PROPERTY MEANS ANY PROPERTY, REAL OR PERSONAL, TANGIBLE OR INTANGIBLE, OR ANY INTEREST OR LICENSE IN SUCH PROPERTY.
 OWNER MEANS ANY PERSON OTHER THAN THE ACTOR WHO IS THE OWNER OF, WHO HAS POSSESSION OR CONTROL OF, OR ANY LICENSE OR INTEREST IN PROPERTY OR SERVICES EVEN THOUGH SUCH OWNERSHIP, POSSESSION, CONTROL, LICENSE, OR INTEREST IS UNLAWFUL.
 KNOWINGLY, A PERSON ACTS KNOWINGLY REGARDLESS OF HIS PURPOSE WHEN HE IS — WHEN HE IS AWARE THAT HIS CONDUCT WILL PROBABLY BE OF A CERTAIN NATURE. A PERSON HAS KNOWLEDGE OF CIRCUMSTANCES WHEN HE IS AWARE THAT SUCH CIRCUMSTANCES PROBABLY EXIST.
 DEPRIVE MEANS ACCEPT, USE, OR APPROPRIATE PROPERTY WITH THE PURPOSE NOT TO GIVE PROPER CONSIDERATION IN RETURN THEREFOR AND WITHOUT REASONABLE JUSTIFICATION OR EXCUSE FOR NOT GIVING PROPER CONSIDERATION. [Tr. 57-58.]
During deliberations, the jury asked the trial court to define "exertion of control" and "theft." The trial court declined to define "exertion of control," and re-read the definition of theft. The jury returned to its deliberations and found appellant guilty of theft.
Appellant filed a timely notice of appeal, and assigns as error the following:
 In charging the jury, the trial court erred in failing to define for the jury "implied consent", "deprive," or "deception," and permitting the jury to improperly infer guilt of Theft (shoplifting) where no evidence was presented on the element of scienter and where a guilty verdict could only result from an improper inference drawn from an inference.
In his single assignment of error, appellant argues that the jury instructions were inadequate in four respects. First, appellant contends the trial court failed to define the term "implied consent." Second, appellant contends the trial court failed to define the term "exertion of control." Third, appellant argues the trial court omitted the phrase "by deception" from the instruction on deprivation of property beyond the scope of the owner's consent. Fourth, appellant argues the trial court failed to give a cautionary instruction on inferences that can be drawn from circumstantial evidence.
A reviewing court will not reverse a conviction in a criminal case due to jury instructions unless it is found that the jury instructions amount to prejudicial error. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph two of the syllabus. Jury instructions should outline the issues, state the applicable principles of law, and clarify the jury's role in the case. Bahmv. Pittsburgh Lake Erie Rd. Co. (1966), 6 Ohio St.2d 192. A jury instruction is proper when it adequately informs the jury of the law. Linden v. Bates Truck Lines, Inc. (1982), 4 Ohio App.3d 178
. The trial court's instructions are not to be viewed in isolation but must be viewed as a whole. State v. Price (1979),60 Ohio St.2d 136, paragraph four of the syllabus.
The trial court has the responsibility to give all jury instructions that are relevant and necessary for the jury to weigh the evidence and make findings of fact. See State v. Comen
(1990), 50 Ohio St.3d 206, paragraph two of the syllabus; andState v. Lessin (1993), 67 Ohio St.3d 487. If appellant did not raise a timely objection or make his position clear with respect to a jury instruction, we must engage in a plain error analysis pursuant to Crim.R. 52(B). "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Our inquiry, under a plain error standard, is whether, but for the purportedly erroneous instruction, the outcome of the trial clearly would have been different. Id., paragraph two of the syllabus.
In this case, we begin our analysis by noting that defense counsel did not request that the trial court give any of the definitions that appellant now argues the trial court improperly omitted. In addition, when the trial court declined to define the term "exertion of control" and offered to re-read the theft instruction, defense counsel stated: "That's all right. That's fine with me if you want to do that." (Tr. 66.) Viewing the instructions as a whole, we find that the trial court adequately informed the jury of the law. Moreover, contrary to appellant's assertion, the instructions did not remove any elements from the consideration of the jury.
Defense counsel's only objection with respect to the jury instructions was to the instruction defining the term "deprive." Defense counsel asked that the trial court include the full definition from 4 Ohio Jury Instructions (1997), Section513.02, at 254. In our view, the objection was properly overruled and the trial court appropriately gave only the portion of the instruction that was relevant to the facts of this case.
Finally, appellant has argued the trial court should have given the jury a cautionary instruction on the use of circumstantial evidence and the limits of the inferences that can be drawn from such evidence. Appellant argues that from his conduct in dropping the bag, the jury was required first to infer that appellant heard the security guard and, from this inference, the jury then had to infer the mental element of the crime.
First, it must be noted that nowhere in the record does appellant request such an instruction. Next, it is the jury's function to make those inferences reasonably supported by the evidence. State v. Vondenberg (1980), 61 Ohio St.2d 285, 288. Further, "circumstantial evidence and direct evidence inherently possess the same probative value[.]" State v. Jenks (1991),61 Ohio St.3d 259, paragraph one of the syllabus. Proof of guilt may be made by circumstantial evidence as well as direct or testimonial evidence, or any combination of these classes of evidence. State v. Griffin (1979), 13 Ohio App.3d 376, 377. Thus, appellant was not entitled to an instruction limiting the inferences that may be drawn from circumstantial evidence.
Moreover, the rule prohibiting the stacking of inferences only prohibits the drawing of an inference, which is based solely, and entirely upon another inference unsupported by additional facts. Bell v. Giamarco (1988), 50 Ohio App.3d 61, citing Hurt v. Charles J. Rogers Transportation Co. (1955),164 Ohio St. 329, paragraph one of the syllabus. Further, no impermissible stacking of inferences occurs where the jury's verdict is premised partly on an inference arising from the facts and partly on another inference drawn both from those facts and from common experience. Motorists Mut. Ins. Co. v. Hamilton Twp.Trustees (1986), 28 Ohio St.3d 13, 16.
Here, the jury heard testimony from security officer Williams that he said, "[h]ey, excuse me," from a distance of about ten feet. Second, the videotape shows appellant, bag in hand, proceeding directly out the doors without going to a check out area first. Appellant did not have to leave the store with the merchandise for the offense to take place. Even within the confines of store premises, the customer does not control the item and is not free to treat the item as if it were his possession.State v. Phillips (1993), 84 Ohio App.3d 836, 840. For all of these reasons, appellant's assignment of error is without merit and is overruled.
Based on the foregoing, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 _________________________ JUDGE LAZARUS
BRYANT, J., and BOWMAN, P.J., concur.