JOURNAL ENTRY and OPINION
This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant Latonya Koffi appeals from the trial court's granting summary judgment in favor of defendant-appellee, the Cleveland Municipal School District. We find no merit to the appeal and affirm.
On August 31, 2000, Koffi went to the premises of Daniel E. Morgan School to pick up her nephews prior to school letting out. She was walking down the hallway in search of her nephews when she slipped and fell on some water that had accumulated on the floor next to the water fountain. According to Koffi, the principal arrived on the scene and told the maintenance man, "Didn't I tell you to get this up."
Koffi filed an amended complaint against the school district alleging that her fall was caused by the custodial staff's failure to repair and maintain the water fountain and by the staff's allowing water to accumulate on the floor.
The school district filed a motion for summary judgment arguing that it did not breach a duty owed to Koffi since she was a licensee and they did not engage in wanton or willful conduct in causing the injury. Koffi filed a brief in opposition to which the school district filed a reply brief.
The trial court granted summary judgment in favor of the school district in a five-page opinion, finding that Koffi was a licensee and had failed to show the school district acted wantonly or willfully.
Koffi appeals and raises two assignments of error.
 I. THE TRIAL COURT ERRED BY HOLDING THE PLAINTIFF TO BE A "LICENSEE" INSTEAD OF AN "INVITEE."
Appellate review of summary judgments is de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court stated the appropriate test in Zivich v. Mentor Soccer Club (1998),82 Ohio St.3d 367, 369-370, as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383,385. Doubts must be resolved in favor of the nonmoving party. Murphyv. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
In a negligence action, the plaintiff carries the burden of identifying a duty owed by the defendant. Whether the plaintiff has done so is a question of law. Duval v. Mears (1991), 77 Ohio App.3d 270, 273. The school district's assertion that Koffi was a licensee was supported by Koffi's own testimony in which she stated that her sole purpose for being at the school was to pick up her nephews. As the Ohio Supreme Court inFuehrer v. Westerville City School Dist. Bd. Of Edn. (1991),61 Ohio St.3d 201, paragragh two of syllabus, held:
 Persons who are on public school property for their own benefit and who have not been invited there by the school or by the school board are licensees and, as such, enter the premises at their own peril and are owed a duty by the owner of such premises only to refrain from wanton and willful conduct.
"A licensee takes his license subject to its attendant perils and risks. The licensor is not liable for ordinary negligence and owes the licensee no duty except to refrain from wantonly or willfully causing injury." Provencher v. Ohio Dept. of Trans. (1990), 49 Ohio St.3d 265,266, quoting Light v. Ohio University (1986), 28 Ohio St.3d 66, 68.
Koffi has not alleged that the school district acted wantonly or willfully; only that it was negligent in maintaining the property by allowing the water to accumulate in the hall and in maintaining the water fountain. There is nothing in the record that would support an inference that the school district acted wantonly or willfully.
Because Koffi failed to allege the requisite degree of conduct required to establish a breach of duty under these circumstances, summary judgment was properly granted.
The first assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN HOLDING THAT THERE WAS NO EVIDENCE OF THE CAUSE OF THE WATER ACCUMULATION.
Koffi argues that the trial court erred in finding that there was no evidence to show what caused the water accumulation. She alleges that the cause of the water accumulation was a defective water fountain based on the fact that when she fell, the principal told the maintenance worker, "Didn't I tell you to get that up?" This statement does not establish that the water fountain was malfunctioning, but simply reflects that the principal told the maintenance worker to wipe up the water.
The trial court, therefore, did not err in finding that there was no evidence regarding the source of the water. We also do not find that the failure to wipe up the water constituted wanton, willful conduct, but was merely ordinary negligence. As stated above, the licensor is not liable for ordinary negligence. Provencher, supra at 266.
Koffi's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate procedure.
KENNETH A. ROCCO, P.J., and ANNE L. KILBANE, J., CONCUR.